UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| JOHN MARSHALL, ) <br> an individual, ) <br> ) <br>    Plaintiff, ) <br> ) Case No.: <br> vs. ) <br> ) <br> GRANITE PLAZA LIMITED PARTNERSHIP, ) <br> a Massachusetts Limited Partnership, ) <br> ) <br>    Defendant. ) <br> _____/ | |

## COMPLAINT

Plaintiff, JOHN MARSHALL, through his undersigned counsel, hereby files this Complaint and sues GRANITE PLAZA LIMITED PARTNERSHIP, a Massachusetts Limited Partnership, for declaratory and injunctive relief, and attorney's fees and costs pursuant to 42 U.S.C. § 12181 et seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA"), and alleges:

## JURISDICTION AND PARTIES

1. This is an action for damages, declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and pendant and supplemental jurisdiction over state law claims that are alleged herein pursuant to 42 U.S.C. § 1367, et seq.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff, JOHN MARSHALL, (hereinafter referred to as "MR. MARSHALL"), is a resident of the State of Massachusetts.

1

4. MR. MARSHALL suffers from severe diabetes and has had to undergo multiple surgeries on his leg, including a partial amputation, which causes him to be confined to a wheelchair.

5. Due to the disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. Upon information and belief, Defendant, GRANITE PLAZA LIMITED PARTNERSHIP, a Massachusetts Limited Partnership, (hereinafter referred to as "GRANITE PLAZA" or Defendant), is the owner, lessee and/or operator of the real property and improvements which is the subject of this action, to wit: Granite Plaza, generally located at 695-727 Granite Street, Braintree, Massachusetts 02184.

7. All events giving rise to this lawsuit occurred in the District of Massachusetts.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers Paragraphs 1 - 7 as if they were expressly restated herein.

9. The Property, a shopping mall, is a place of public accommodation, subject to the ADA.

10. MR. MARSHALL has visited the Property numerous times.

11. During these visits, MR. MARSHALL experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein in Paragraph 14 of this Complaint.

12. MR. MARSHALL continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 14 which still exist.

13. MR. MARSHALL intends to and will visit the Property to utilize the goods and services in the future, but fears that he will face the same barriers to access as discussed herein.

14. Defendant is in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.302 et seq. and is

discriminating against the Plaintiff due to, but not limited to, its failure to provide and/or correct the following barriers to access which were observed and/or encountered by and has hindered the Plaintiff's access:

    A.    Inaccessible parking designated as accessible due to excessive slopes and failure to provide full access aisles;

    B.    inaccessible routes throughout the property due to steep curb cuts, steep side flares and curb cuts which are not flush with the pavement;

    C.    inaccessible sidewalks throughout the property due to excessive slopes, lack of proper handrails and lack of level landings; and

    D.    inaccessible service/payment counters due to excessive height.

15. Furthermore, the Defendant continues to discriminate against the Plaintiff, and by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

16. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

17. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on the Defendant.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. Independent of his intent to return as a patron of the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

20. The Plaintiff has been obligated to retain counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

WHEREFORE, the Plaintiff demands judgment against Defendant, and requests the following relief:

    A. That the Court declares that the Property owned, leased and/or operated by Defendant is in violation of the ADA;

    B. That the Court enter an Order directing Defendant to alter the facility to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow to undertake and complete corrective procedures.

    D. That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

    E. That the Court award such other and further relief as it deems

necessary, just and proper.

Dated: September 21st, 2011

                Respectfully submitted,

                Ku & Mussman, P.A.
                *Attorneys for Plaintiff*
                12550 Biscayne Blvd., Suite 406
                Miami, FL 33181
                Tel:  (305) 891-1322
                Fax: (305) 891-4512

By:    */s/ Ashley D. Forest*
        *Attorney for Plaintiff*
        Ashley D. Forest, Esq.
        Of Counsel
        Law Office of Ashley D. Forest
        10 Post Office Square, 8th Floor
        Boston, MA. 02109
        Tel: (617) 504 - 2364
        Fax: (617) 692 - 2901
        Email: forest@ashleyforestlaw.com
        BBO# 668187